IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Case No. CR12-2021 |
| vs. | | CRIMINAL TRIAL SCHEDULING ORDER[1] |
| RUSSELL R. WASENDORF, SR., | | |
| Defendant. | | |

*IT IS ORDERED:*

*I.     TRIAL DATE:* This case has been placed on the calendar of United States District Court Chief Judge Linda R. Reade for a jury trial scheduled to commence at the United States District Courthouse, **Courtroom 1**, Cedar Rapids, Iowa, **during the two-week period beginning on OCTOBER 15, 2012.** Several cases are set for that period and at this point it has not been determined the order in which they will be tried.[2]

*II.     FINAL PRETRIAL CONFERENCE:* A final pretrial conference ("FPTC") in this case will be held in **Courtroom 1** beginning **promptly** at **8:30 a.m.** on the day scheduled for the commencement of trial. All counsel and parties are expected to be present for the FPTC at the scheduled time, prepared fully to proceed with the trial of the case.

*III.     STATUS HEARING:* A status hearing before the undersigned is set for **12:00 p.m. on SEPTEMBER 19, 2012,** United States District Courthouse, **Courtroom**

---

[1]This order was **revised** on July 1, 2012. The parties are alerted to the fact that their duties and responsibilities have changed from what was required by earlier trial setting orders. All deadlines specified in this order apply to the original trial date or any subsequent trial date to which the trial is continued. A defendant who elects to represent himself/herself is held to the same deadlines and procedures as a defense attorney.

[2]A defendant who elects to represent himself/herself is held to the same deadlines and procedures as a defense attorney.

2, Cedar Rapids, Iowa.  **Trial counsel and defendant(s) must attend in person**.  If the date or time set forth above is not convenient for counsel, the **in-person** hearing may be conducted at any time prior to the time scheduled for the hearing that is determined by counsel to be convenient for all parties and the court.  **If a plea hearing is set or the court is notified that the defendant intends to plead guilty prior to the date/time set for the status hearing, the status hearing is automatically canceled and neither trial counsel nor the defendant need appear.**

### IV.  *MOTIONS, NOTICES AND REQUESTS:*

*A.*  *Trial-Related Motions and Trial Briefs*.  All trial-related motions, including motions in limine, must be served and filed as soon as practicable, but at least **14 days** before the commencement of trial.  Only one motion in limine encompassing all issues should be filed.  Resistances to these motions must be served and filed within **7 days** after the filing of the motion.  *See* LCrR 47.a.  In any event, a resistance to a motion must be served and filed at least **3 days** before the scheduled trial date.

The parties are required to notify the court by Trial Brief or by motion under Federal Rule of Evidence 104(a) of all novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial.  Trial Briefs must be served and filed at least **7 days** before the commencement of trial.

The court will take up all trial-related motions at the FPTC, unless otherwise ordered.

*B.*  *Nontrial-Related Motions*.  All motions referred to in Local Criminal Rule 12.a, including motions to suppress evidence, to sever and to dismiss indictment, must be served and filed within **28 days** after the date of the first arraignment.  *See* LCrR 12.a.

*C.*  *Notices*.  All notices referenced in Local Criminal Rule 12.a must be given within **28 days** after the date of the first arraignment.

*D.*  *Requests*.  All requests referenced in Local Criminal Rule 12.a must be made within **28 days** after the date of the first arraignment.

2

Requests for **subpoenas** and writs of *habeas corpus ad testificandum* must be submitted **no later than 21 days**[3] **before trial.** These requests will be handled by Magistrate Judge Jon S. Scoles; a courtesy copy should be delivered to Magistrate Judge Scoles to ensure prompt processing of these requests.

*E.      Witness and Exhibit Lists.*  The parties shall exchange a list of prospective witnesses and a list of prospective exhibits no later than **7 days** prior to the scheduled trial date.  The parties shall provide the court with a courtesy copy of these lists at the time they exchange them.   The lists must be emailed to Chief Judge Reade via email at Diane_Leibold@iand.uscourts.gov, Erin_Snider@iand.uscourts.gov, Patrice_Murray@iand.uscourts.gov and Karo_Stigler@iand.uscourts.gov or they may be delivered to chambers.  In the event that a party does not intend to produce witnesses or exhibits at trial, such party shall notify the court that it does not intend to present evidence in lieu of submitting the lists.

For witnesses for whom there exists no statements or reports that were subject to disclosure through discovery, the party listing the witness shall also note next to the witness's name on the list the general purpose of his or her expected testimony.  The parties have an ongoing obligation to update their exhibit and witness lists, in the event the lists change after the initial submission and exchange.

*F.      Marking of Exhibits.*  All exhibits must be marked by the parties before trial, in accordance with Local Criminal Rule 57.3.a and Local Rule 83.6.a.  The United States must use numbers and the defendant(s) must use letters.  *See* LR 83.6.a.1.  Exhibits must also be marked with the case number.  *See* LR 83.6.a.2.  All exhibits larger than one page must contain page numbers at the bottom of each page.  *See* LR 83.6.a.3.  Personal data identifiers **must** be redacted from all exhibits.  *See* LR 10.h.

*V.      DISCLOSURE OF JENCKS MATERIAL:*  Assuming the parties have agreed to the standard reciprocal discovery order, no later than **3 days** before the

---

[3]If the scheduled trial date falls between November 15 and January 15, requests must be submitted no later than **28 days** before the scheduled trial date.

commencement of trial, the United States shall provide to each defense attorney or pro se party all materials required to be disclosed to the defendant under the Jencks Act, 18 U.S.C. § 3500, for each witness identified on the witness list.  No later than **the day before** it is anticipated that the Government will rest its case in chief, each defense counsel or pro se party shall deliver to the Assistant United States Attorney prosecuting the case any Jencks Act material which relates to the witnesses listed on the defendant's witness list.

**VI.    *JURY INSTRUCTIONS, VERDICT FORMS AND INTERROGATORIES:* The parties' assistance with the preparation of jury instructions, verdict forms and interrogatories is mandatory, and failure to submit proposals or objections as indicated in this order shall be deemed waiver of such proposals or objections.** To aid the parties in meeting their obligation to assist with the preparation of jury instructions, verdict forms and interrogatories, representative stock and case-specific instructions can be viewed on the court's website at *www.iand.uscourts.gov.*

*A.    Parties' Instructions Conference.*   At least **14 days** before the commencement of trial, the parties are to have an Instructions Conference,[4] by telephone or in person.  The Assistant United States Attorney of record in the case is responsible for initiating the Instructions Conference.  However, failure of the Assistant United States Attorney to initiate the Instructions Conference will not excuse the parties from submitting case-specific instructions, verdict forms and interrogatories separately by the deadline for such submissions, which is **10 days** before trial.  *See infra* Part VI.B.

At the parties' Instructions Conference, the parties shall attempt to agree on the form and content of the following case-specific instructions, verdict forms and interrogatories:

(1) "elements" of offenses charged, lesser-included offenses, and attempt or aiding and abetting alternatives, *and* any necessary explanatory instructions;

---

[4]The defendant need not be present at the Instructions Conference, unless he is serving as his/her own attorney.

(2) except in extraordinary circumstances, any "theory of defense" instruction(s) requested by the defendant(s);[5]

(3) "impeachment" instructions, which so far as practicable shall include the name of the witness(es) to whom individual impeachment instructions (such as prior conviction, testimony pursuant to a plea agreement or offer of immunity, testimony of an informant, etc.) are applicable;

(4) expert testimony instructions, if necessary;

(5) any other case-specific instructions, such as limiting instructions (to be given orally or in writing), that the parties can reasonably anticipate before evidence is presented at trial;

(6) verdict forms for each offense charged and each defendant; and

(7) any relevant interrogatories.

At least **3 days** before the Instructions Conference, the Assistant United States Attorney of record in the case shall serve (via facsimile or email) on all other counsel or pro se parties the government's proposed jury instructions, verdict forms and interrogatories. At least **1 day** before the Instructions Conference, defendant(s) shall serve (again via facsimile or email) on all other counsel any alternate proposals.

**B.** ***Submission of Proposed Instructions, Verdict Forms and Interrogatories.*** At least **10 days** before the commencement of trial, the parties must **jointly** file written proposed instructions in each of the categories identified in Part VI.A. above, consisting of the following: (1) all joint (that is, agreed) instructions, verdict forms and interrogatories; and (2) any instructions, verdict forms or interrogatories to which the parties have not agreed. Each requested instruction, verdict form and interrogatory shall be separately numbered (disputed instructions on the same issue shall be identified, for

---

[5]In the extraordinary circumstances in which a defendant might be prejudiced by revealing a theory of defense prior to trial, the defendant may submit a proposed "theory of defense" instruction for the court's *in camera* review **14 days** before trial, so that the court has the opportunity to review, research, and/or revise the instruction. In those circumstances, the defendant's proposed "theory of defense" instruction will only be revealed to the government prior to the Instructions Conference required by Federal Rule of Criminal Procedure 30.

5

example, as 5A for the government's submission, and 5B for a defendant's submission), shall begin on a separate page and shall be double-spaced. **At the bottom of each proposed instruction, verdict form and interrogatory, the parties must indicate the legal authority upon which it is based, such as a model instruction number, statute, regulation, decision or other authority. All pattern instructions must be submitted in full text form with case-specific modifications,** such as the name of a party or witness or alternative language applicable, with such modifications indicated by underscoring of additions and striking out of deletions.

     *C.    Objections to Instructions, Verdict Forms and Interrogatories.* At least **10 days** before the commencement of trial, the parties also shall **separately** serve and file the following:  (1) objections to the court's stock instructions and any different or additional stock instructions the party requests; and (2) written objections to the opposing party's proposed instructions, verdict forms or interrogatories on any disputed matters. **Again, every objection or proposed alternative instruction, verdict form or interrogatory must indicate the legal authority upon which it is based, such as a model instruction number, statute, regulation, decision or other authority, and all pattern instructions must be submitted in full text form with case-specific modifications.** The parties will also have the opportunity to make objections on the record to the final form of Preliminary and Final Jury Instructions (including verdict forms and interrogatories) before they are read to the jury.

     *D.    Instructions, Verdict Forms and Interrogatories in the Course of Trial.* Instructions, verdict forms and interrogatories not requested as set forth above shall be deemed waived, unless the subject of the instruction is one arising in the course of trial that reasonably could not have been anticipated before trial from the Indictment, discovery or nature of the case. Instructions, verdict forms or interrogatories that could not reasonably have been anticipated may be submitted in the course of trial, but unless circumstances make it impracticable to do so, such instructions, verdict forms or interrogatories must be submitted in writing with supporting authority.

*VII.* ___READING OF JURY INSTRUCTIONS:___ The court does not require the court reporter to report the reading of the jury instructions, and considers the instructions read as published in the final written version.  The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

It is the practice of the court to read to the jury a set of Preliminary Jury Instructions immediately before opening statements and a set of Final Jury Instructions, including both case-specific and stock instructions, before and after closing arguments.

It is the practice of the court to read all but the last two of the final instructions to the jury prior to closing arguments.  *See* Fed. R. Crim. P. 30.  The last two instructions, which concern the jury's duties during deliberations, and the verdict forms and any interrogatories will be read upon the conclusion of argument, just prior to the jury retiring to consider its verdict.

If any party has an objection to any part of the procedure described in this Part, that objection must be raised at or before the FPTC.

*VIII.* ___ACCEPTANCE OF RESPONSIBILITY:___ This court has a very heavy volume of criminal cases which necessitates the scheduling of a number of criminal cases to commence on the same date.  In order to afford all parties as much notice and opportunity to be prepared for trial as possible, the court anticipates making a final decision as to the cases to be tried and the order of trial approximately two (2) weeks in advance of the date set for trial.[6]  Accordingly, all defendants are put on notice that the additional one level decrease for acceptance of responsibility provided for under U.S.S.G. § 3E1.1(b)(2) will not be given to the defendant, unless the defendant signs a plea agreement no later than the close of business **21 days** in advance of the date scheduled for trial and enters the plea at least **14 days** before trial.  A defendant who pleads guilty without a plea agreement must notify the court of his/her intention to plead guilty no later

---

[6]Because jury selection is sometimes done earlier than the listed trial date, the "trial date" for purposes of Part VIII herein is the day the jury is sworn.  *See* Part X.O. herein.

than **21 days** before trial and enter the plea at least **14 days** prior to trial.[7] Once that deadline has expired, the parties can assume that the court will no longer grant the additional one level decrease because of the inability of the court to allocate its resources efficiently, unless exceptional circumstances are shown during the sentencing hearing.

*IX.* *JURY INVESTIGATION:* If any party does any type of jury investigation, the party must disclose to the court and all opposing parties the name of any potential juror who has been determined to have a criminal conviction for an offense more serious than a simple misdemeanor.

*X.* *JURY STATEMENT:* No later than **10 days** before the commencement of trial, the parties must provide Chief Judge Reade with a joint proposed jury statement. The joint proposed jury statement may be emailed to Chief Judge Reade and her criminal law clerk, or it may be delivered to chambers. If the parties have consented for Magistrate Judge Scoles to conduct jury selection, the parties shall also send a copy to Magistrate Judge Scoles's chambers in the same manner.

The jury statement should briefly and simply set forth the background of the case and the claims and defenses being asserted by the parties. The parties should make every effort to agree upon the language used in the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . ; Defendant contends . . . ." The jury statement will be read to the potential jurors before voir dire so that the potential jurors will be able to give meaningful responses to voir dire questions. It has no other purpose. Thus, there is no reason for heated disputes between the parties concerning the contents of the jury statement.

*XI.* *JURY SELECTION PROCEDURES:* The following are Chief Judge Reade's jury selection procedures:

---

[7]This notification must be given by contacting Karo at 319-286-2340 or Diane at 319-286-2330 and by filing a document stating his/her intention to plead guilty.

*A.* Approximately 40 randomly-selected potential jurors will be notified to appear at the Federal Courthouse at 8:00 a.m. on the first day of trial.[8] Before trial, the parties can obtain from the Clerk of Court a list of the potential jurors. The parties also will receive a list of the first 29 potential jurors[9] in the order in which they were randomly drawn. The Clerk of Court will provide the court with a separate list of all of the potential jurors in the order in which they were randomly drawn. Juror questionnaires may be viewed in advance of trial at the judge's discretion.

*B.* The first 29 of the preselected potential jurors who appear for jury selection will be seated in order in the jury box,[10] and will be the potential jurors first considered for impanelment on the jury.

*C.* The potential jurors will be escorted into the courtroom.

*D.* Chief Judge Reade will greet the jury, the attorneys and the parties; announce the name of the case to be tried; and ask the parties if they are ready to proceed.[11]

*E.* Chief Judge Reade will swear in all potential jurors.

*F.* Chief Judge Reade will make some introductory remarks to the potential jurors about the jury selection process.

---

[8]Sometimes the jury may be selected by Judge Scoles at a time or date different from that listed herein. Parties are to notify the court if they do not consent to a United States Magistrate Judge conducting jury selection. Additionally, parties consenting to the Magistrate Judge for jury selection will each be permitted up to 45 minutes for voir dire, rather than 30 minutes of voir dire.

[9]Thirty is the number of potential jurors needed, after 16 peremptory challenges, to produce 12 jurors and 1 alternate. One additional potential juror will be seated for each additional peremptory challenge and for each additional alternate juror required to try the case. Any request for additional peremptory challenges or alternate jurors must be served and filed at least **21 days** before the commencement of the trial. If there are multiple defendants, the defendants must decide how to use their preemptory challenges. If the defendants cannot agree, this must be communicated to the court at least **21 days** before the commencement of trial.

[10]If any of the first 29 preselected potential jurors does not appear for jury selection or is excused from jury service after arriving at the courthouse, that potential juror will be replaced with the next potential juror on the court's list of preselected potential jurors, and the attorneys will be provided with an updated list.

[11]If at any time the parties need to discuss a potential juror, they shall ask for a side-bar.

*G.*    Chief Judge Reade will ask all potential jurors if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom she believes jury service would be an undue burden. The parties may not address this issue with the potential jurors.

*H.*    Chief Judge Reade will introduce the courtroom staff. She then will ask the attorneys to identify themselves, anyone sitting at counsel table (i.e., their clients or agents), the members of their firm or organization, the witnesses they expect to call at trial and any other individuals whose names may be discussed during the trial.

*I.*    Chief Judge Reade will read a statement of the case.

*J.*    Chief Judge Reade will engage the potential jurors in the jury box in an extensive voir dire.

*K.*    After Chief Judge Reade has completed her questions, each side, beginning with the government, will be permitted to conduct up to 30 minutes of jury voir dire. The parties shall not refer to alternate jurors in anyway, including referring to a panel of "12 jurors." The attorneys are not permitted to argue their case or engage in questioning unrelated to the juror's ability to serve. A request for additional time for party voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made at or before the FPTC.

*L.*    The parties will be permitted to challenge any potential juror for cause. These challenges may be made at the side-bar. If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the judge's list of preselected potential jurors, who then will undergo the same questioning as the other potential jurors. There will be 29 potential jurors remaining in the jury box at the conclusion of voir dire.

*M.*    The Deputy Clerk will give counsel for the United States a list of the names of the 29 remaining potential jurors. Counsel for the United States shall strike one of the names by noting in the provided space "π 1." The Deputy Clerk will then take the list and hand it to counsel for the defendant(s), who shall strike two of the names by noting in the provided space "Δ 1" and "Δ 2." The Deputy Clerk will then take the list and hand it to

counsel for the United States to select one name and the process will be repeated until the United States has exercised 6 peremptory challenges, the defendant(s) has/have exercised 10 peremptory challenges, and 13 jurors remain on the list. After counsel for the United States has exercised its last strike, the Deputy Clerk will provide defendant(s) with the list for review. The Deputy Clerk will take the list to Chief Judge Reade, who will consult with the parties regarding alternate jurors. The alternate juror shall be the last name on the challenge sheet that have not been stricken by either party. Chief Judge Reade will then announce the 13 selected jurors. The rest of the potential jurors will be excused.

*N.* Chief Judge Reade will swear in the jury.

*O.* Any objection to Chief Judge Reade's procedure for selecting jurors and alternate jurors must be served and filed at least **21 days** before the commencement of the trial.

*XI.* ___CONDUCT OF TRIAL:___ It is anticipated that the first day of trial will last from **9:00 a.m. to 5:00 p.m.** Thereafter, a normal trial day will last from **9:00 a.m. to 5:00 p.m. or 8:30 a.m. to 2:30 p.m.** If the trial day is 8:30 a.m. to 2:30 p.m., there will be two twenty-minute breaks, the first usually beginning between 10:00 a.m. and 10:30 a.m., and the second usually beginning between 12:10 p.m. and 12:30 p.m. If the trial day is 9:00 a.m. to 5:00 p.m., the court will take an hour lunch break, as well as a short break in both the morning and afternoon. The parties are expected to have witnesses available so the court can take testimony throughout the full trial day with no undue delays in the receipt of evidence.

After the first day of trial, **the parties and their attorneys are expected to be at the courthouse and available in the courtroom by no later than one-half hour before the jury is scheduled to arrive on each morning of trial.** The time between the arrival of the attorneys and the start of testimony is to be used to review exhibits which the parties anticipate introducing into evidence during that trial day, to set up any audiovisual equipment and to take up any evidentiary or other issues which need to be addressed outside the presence of the jury. In the event any party believes there may be particularly

difficult issues that may require more than 5 or 10 minutes to resolve, that party must advise the court and opposing counsel so an earlier time can be set to meet with counsel and the parties outside the presence of the jury and still start the receipt of evidence on time.

Witnesses may be questioned by the parties from a seated position at counsel table or from a standing position behind the podium. The court, at its discretion, may permit the parties to hand documents directly to a witness or may require that a court employee have the only direct contact with witnesses.

Side-bar conferences during the trial are strongly discouraged by the court. **Defense counsel are advised that a defendant, whether in custody or not, is entitled to participate in side-bar conferences by putting on the headset provided at counsel table.** Defendants shall not accompany their attorneys to side-bar. All defendants should be advised by counsel of this right before the commencement of trial.

*XII.   OPENING STATEMENTS; CLOSING ARGUMENTS:* Opening statements are limited to **30 minutes** and closing arguments are limited to **60 minutes.** A request for additional time for opening statements or closing arguments must be made no later than the FPTC. Opening statements may be made in a standing position at counsel table or at the podium.

*XIII.   DEMONSTRATIVE AIDS:* At least **1 day** before trial, a party using a demonstrative aid during a jury trial **must** show the demonstrative aid to representatives of all other parties participating in trial and to Chief Judge Reade. The term "demonstrative aid" includes charts, diagrams, models, samples and computer presentations, but does not include exhibits admitted into evidence.

*XIV.   PROTOCOL FOR WITNESSES:* A party who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box; © the fact that the witness will be placed under oath; (D) where the witness

should stand while the oath is being administered; (E) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages and chewing gum should not be brought into the courtroom.

A party also must advise the witness of proper dress for the courtroom. Proper dress does not include blue jeans, shorts, overalls, T-shirts, collarless shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

## XV.   *RESTRICTIONS ON WITNESSES:*

**A.   *Exclusion of Witnesses.*** A witness who may testify at the trial or at an evidentiary hearing shall not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615; the Victims' Rights and Restitution Act of 1990, 42 U.S.C. § 10607; the Justice for All Act of 2004, 18 U.S.C. § 3771, or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph is also prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

**B.   *Restrictions on Communications with Witnesses.*** Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone about what has occurred in the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her

attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

    *C.*    *Parties.* The restrictions on witnesses in paragraphs (A) and (B) of this Part do not apply to the government's case agent, any defendant in the case or any investigator employed by a defendant in the case.

    *D.*    *Duties of Counsel.* A party who may call a witness to testify at the trial or evidentiary hearing must, before the trial or hearing, advise the witness of the restrictions in this section and the court's ruling on any motions in limine.

    *XVI.*  *COURTROOM TECHNOLOGY:* Prior to trial, parties and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operation of the equipment.  No instruction on the operation of technology will be available once the trial starts.  Instruction and training on the proper use of the equipment may be obtained from the court's automation staff.  Parties may request an appointment via iandml_helpdesk@iand.uscourts.gov or by calling 319-286-2300. Information also may be obtained from the court's website at the following web address: *www.iand.uscourts.gov.*  The court encourages parties to consult the website, but such consultation is not a substitute for the requirement that parties must consult and train with the court's automation staff if they wish to use any of the courtroom equipment during trial.

    If a party wishes to use video conferencing technology for the testimony of any witness, the attorney **must** contact the court's automation staff and complete a  "Video Conference End-End Certification" form **at least 10 days in advance of the start of the trial.** The court will require at least one test connection prior to the start of trial. **Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.**

    If a party wishes to connect a laptop computer to the courtroom equipment, the party **must** have the laptop computer tested by the court's automation staff **at least 7 days in advance of the start of the trial.  Failure to have the laptop computer tested will**

result in the court denying the connection of the laptop computer to the courtroom equipment.

If a party wishes to present evidence in the form of a VHS tape, a DVD, an audio cassette, an audio CD or any other form of media requiring use of the courtroom equipment, the party **must** have such items of evidence tested by the court's automation staff at least **7 days** in advance of the start of the trial to ensure compatibility with the courtroom equipment.

**IT IS SO ORDERED.**

**DATED** this 17th day of August, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA